UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL BARCOMB,

  Plaintiff,

v.              CASE No. 8:08-CV-1790-T-23TGW

FISERV HEALTH INC., &
MORGAN & MORGAN, P.A.,
d/b/a The Morgan Firm,

  Defendants.

_____

## REPORT AND RECOMMENDATION

The plaintiff alleges that the defendants wrongfully denied a claim under his health insurance policy for medical bills related to back surgery, in violation of ERISA, the Employee Retirement Income Security Act, 29 U.S.C. 1001, et seq. Soon after the filing of an amended complaint, the defendants accepted those medical bills as covered expenses and paid them.

  The plaintiff has filed a "Motion for Summary Judgment Against Defendant Morgan & Morgan, P.A. & Request for Oral Argument Re: Attorney's Fees/Costs" (Doc. 13). The only issue remaining in this motion

is an award of attorney's fees. Because the plaintiff has neither shown that the court should exercise its discretion to award an attorney's fee, nor established the amount of a reasonable attorney's fee, I recommend that the "Motion for Summary Judgment Against Defendant Morgan & Morgan, P.A. & Request for Oral Argument Re: Attorney's Fees/Costs" (Doc. 13) be denied.

I.

In October 2007, the plaintiff underwent back surgery to his L4 to S1 lumbar spine (Doc. 8, ¶8; id., pp. 23-24).[1] The plaintiff maintained health insurance through his former wife's employer, defendant law firm Morgan & Morgan (Doc. 8, ¶¶ 2, 4, p. 9)(Group Health Plan no. 76-510027, member ID #12374152). It is a self-insured plan, and defendant Fiserv Health, Inc., was the claims administrator for medical services (Doc. 8, ¶3; id., p. 9; Doc. 13, p. 20).

The plaintiff filed a claim with Fiserv for payment of medical bills from this surgery. However, the claim was denied because the plaintiff

---

[1]This was the plaintiff's second surgery to this portion of his back. He underwent L4 to S1 fusion surgery in 2004 (Doc. 8, ¶7). He alleges that the second surgery in 2007 was necessary because a bolt from the first surgery had become loose (id., ¶8).

asserted that the surgery was related to a work injury, which is not covered under the policy (Doc. 8, ¶12, pp. 20, 23; Doc. 17, ¶1; Doc. 17-2). The plaintiff timely appealed the denial to Fiserv, alleging that the surgery was covered under the policy because it was necessary to correct a previous failed back surgery, but the denial was not reversed (Doc. 8, ¶19, pp. 8, 18, 23; Doc. 17, ¶2).

The plaintiff filed this lawsuit in September 2008 against defendant Fiserv, alleging that its refusal to pay the claim violated ERISA, 29 U.S.C. 1001, et seq. (Doc. 1). In October 2008, he amended the complaint to add defendant Morgan & Morgan, P.A. (Docs. 3, 5, 8). The plaintiff alleged in the amended complaint unpaid medical bills relating to this surgery totaling more than $100,000 (Doc. 8, ¶11). He sought payment of medical bills, attorney's fees and court costs (id., p. 6).

On October 28, 2008, defendant Morgan & Morgan was served with the amended complaint (Doc. 13, p. 15, Ex. 2). After conducting an investigation into the circumstances surrounding the denial of the plaintiff's claim, Morgan & Morgan determined that the plaintiff's claim was covered, and that the claim was denied initially because the plaintiff erroneously stated

that the surgery was work-related (see id., p. 20, Ex. 5). On November 3, 2008, a few days after receiving the amended complaint, Morgan & Morgan informed plaintiff's counsel by e-mail that it "directed Fiserv to process and pay this claim today" (id., p. 16, Ex. 3). Accordingly, the defendants stated in their answers to the amended complaint that "Plaintiff's medical bill claims have ultimately been accepted as covered expenses pursuant to the Plan, processed, and paid as provided for by the Plan" (Doc. 11, ¶19; Doc. 12, ¶19).

The plaintiff subsequently filed this Motion for Summary Judgment, seeking an attorney's fee and costs against defendant Morgan & Morgan (Doc. 13, pp. 5-11). The motion also sought "a confession of judgment" and an award of $125,703.76 for unpaid medical bills (id., pp. 5, 11).

Morgan & Morgan ("the defendant") filed a memorandum in opposition to the motion, asserting that "all bills submitted by the Plaintiff related to this claim ha[ve] been processed and paid," a confession of judgment does not apply in the ERISA context, and that "[t]here is no basis for the award of an attorney's fee to Plaintiff in this case" (Doc. 17, pp. 2, 3, 6).

The defendant has submitted documentation supporting its contention that the medical bills at issue in this lawsuit have been paid (Doc. 17-3, Doc. 28-2, Doc. 32-2). Further, during oral argument on this motion, plaintiff's counsel acknowledged that the bills underlying this claim have been paid and confirmed that the only outstanding issue is the request for an attorney's fee and costs.[2]

With regard to the attorney's fee, plaintiff's counsel maintains that he is entitled to an award based on a contingency fee agreement in which his client agreed to pay him one-third of any recovery, which amounts in this case to approximately $24,000 (see Doc. 13, Ex. 7; Doc. 17-3, p. 1). The defendant disputes this contention (Doc. 17). The motion does not identify, nor is it accompanied by evidence which substantiates, the hours reasonably expended in this litigation or a reasonable hourly rate. Further, plaintiff's

---

[2]In addition to filing his "Motion for Summary Judgment," the plaintiff filed two "Notices to the Court" pursuant to Local Rule 3.01(h), ostensibly for the purpose of notifying the court that a dispositive motion has been pending for more than 180 days (Docs. 33, 34). However, a request for an attorney's fee (see Doc. 33, ¶5, stating in a notice to the court that he "has still yet to be awarded any fee") does not constitute a dispositive motion. Therefore, the plaintiff had no basis to file notices to the court pursuant to Local Rule 3.01(h). The notices, furthermore, are unauthorized because each "notice" improperly contains two pages of argument regarding the merit of his motion, contrary to Local Rule 3.01(c). See id. ("No party shall file any reply or further memorandum directed to the motion ... unless the Court grants leave").

counsel refused defense counsel's request to review his time sheets on this matter (Doc. 13, p. 21, Ex. 6).

II.

ERISA provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. 1132(g)(1). There is no presumption in favor of granting attorney's fees to a prevailing beneficiary. Byars v. Coca-Cola Co., 517 F.3d 1256, 1268 (11th Cir. 2008). Rather, in determining whether to exercise discretion to award an attorney's fee in an ERISA case, the court must consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Id.; Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).[3] "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address ... however, other considerations may be relevant as well." Wright v. Hanna Steel Corp., 270 F.3d 1336, 1345 (11th Cir. 2001).

III.

The plaintiff's motion, drafted by an attorney who professes to specialize in ERISA law, is patently deficient. It does not identify, much less discuss, the factors which the court is required to consider in determining whether to exercise its discretion to award an attorney's fee. In fact, the plaintiff's motion does not cite any legal authority supporting his entitlement to an award of attorney's fees. He merely notes that it is discretionary.

In lieu of legal authority, plaintiff's counsel makes impertinent allegations against the defendant, such as baselessly alleging that the plaintiff's benefits claim was denied "[o]ut of sheer greedy, stingy, miserly frustration" (Doc. 13, p. 6, ¶21). He characterizes the defendant's refusal to capitulate to an attorney's fee based on a contingency fee agreement as an

---

[3] In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

attempt to "brazenly bully [plaintiff's counsel] to accept ... pennies" for his work (id.). The impertinent allegations that pervade the motion are unacceptable. See Rule 12(f), F.R.Civ.P.; Stephens v. Georgia Dept. of Transportation, 134 Fed.Appx. 320 (11th Cir. 2005)(unpub. dec.)(striking impertinent material from a summary judgment motion).

Commendably, the defendant does not respond to this baseless diatribe. Rather, in its opposition memorandum, the defendant identifies the five factors that must be considered in determining whether to exercise discretion to make an ERISA attorney's fee award and notes that "the Plaintiff has not addressed or met the required factors" (Doc. 17, pp. 4-5).

By failing to address in his motion the factors that the court must consider in determining whether to exercise its discretion to award an attorney's fee, the plaintiff has failed to establish that he is entitled to this relief. He has also failed to proffer pertinent evidence regarding his claim.[4] Thus, he has not shown, using the five-factor framework articulated by the Eleventh Circuit, that discretion to award an attorney's fee should be

---

[4]For example, he did not even proffer a copy of the health plan which sets forth each party's obligations with regard to claims processing.

exercised in this case.[5] Furthermore, because the plaintiff presented a deficient written motion, the defendant lacked the opportunity to present a proper response and the court was hindered in evaluating the issue because it was not properly briefed on all the pertinent considerations. See Andreas v. Volkswagen of America, Inc., 336 F.3d 789, 793 (8th Cir. 2003)(the purpose of a written motion is to provide the opposing party "with a meaningful opportunity to respond and the court with enough information to process the motion correctly"); Calderon v. Kansas Dep't of Social and Rehabilitation Services, 181 F.3d 1180, 1187 (10th Cir. 1999)("we do not require district courts to engage in independent research or read the minds of litigants to determine if information justifying [the requested relief] exists").

This circumstance is made more egregious by plaintiff's counsel's declaration that his specialty is ERISA law. He should therefore

---

[5]The thrust of the plaintiff's argument at the hearing was that he was entitled to an award of fees because his lawsuit was meritorious, and an undue length of time transpired between the plaintiff's initial claim and payment of the medical bills. However, the fact that the plaintiff's lawsuit was meritorious does not, in itself, justify a fee award because there is no presumption that a prevailing party is entitled to attorney's fees in an ERISA action. Byars v. Coca-Cola Co., supra, 517 F.3d at 1268.

Furthermore, with regard to the delay in paying his medical bills, Morgan & Morgan argues that it was the plaintiff's fault the claim was denied initially because he filed it incorrectly as a work-related injury, and that no bad faith has been shown because it promptly paid the claim within days after service of the lawsuit. Morgan & Morgan's role between the initial denial of the claim and the filing of the lawsuit is uncertain because the plaintiff failed to develop properly this argument in his motion or adequately support it with evidence. Therefore, the merit of this argument is unclear.

be aware of the governing law, as well as the procedural rules regarding the contents of a written motion. Significantly, even after the defendant alerted the plaintiff in its opposition memorandum that his motion failed to address the five pertinent factors regarding an attorney's fee award (Doc. 17, pp. 4-5), plaintiff's counsel made no attempt to correct this deficiency. He also has offered no explanation for failing to submit a properly supported motion.

At the hearing on this matter, the plaintiff made an ad hoc argument regarding the five factors. This presentation is not a substitute for a properly supported motion. Thus, the defendant was still deprived of the opportunity to prepare a proper response, and the court was hindered in its ability to meaningfully address the contentions raised at the hearing.

Moreover, the plaintiff's failure to set forth in his motion even the basic principles for an award of attorney's fees in an ERISA case amounts to a violation of both the Federal Rules of Civil Procedure and this court's local rules. Thus, the lack of a citation to, and a discussion of, the governing legal principles violates Local Rule 3.01(a), which requires a "memorandum of legal authority in support of" a motion, and the plaintiff's failure to address in his motion the five factors concerning entitlement to an attorney's fee contravenes the requirement in Rule 7(b)(1)(B), F.R.Civ.P., that the movant

"state with particularity" the grounds for the requested relief. These rule violations confirm that the plaintiff's motion is patently deficient regarding the standards for the exercise of discretion in awarding attorney's fees in an ERISA case. See Meadows By and Through Meadows v. Cagle's, Inc., 954 F.2d 686, 694 (11th Cir. 1992)(affirming the denial of a motion for an attorney's fee pursuant to ERISA for failure to comply with local rule time limitations); see also Zaklama v. Mount Sinai Medical Center, 906 F.2d 645, 649 (11th Cir. 1990)("Practitioners must adhere to applicable local rules in order for those local rules to have effect and federal courts by enforcement will preserve the integrity of local rules, absent problems of a constitutional dimension"); Calderon v. Kansas Dep't of Social and Rehabilitation Services, supra, 181 F.3d at 1186 (in denying a motion for failure to satisfy Rule 7, F.R.Civ.P.'s particularity requirement, the Tenth Circuit noted that the rule advances the policies of reducing prejudice to either party and assuring that "the court can comprehend the basis of the motion and deal with it fairly").

Furthermore, there is an additional deficiency which warrants denial of the motion. Specifically, the plaintiff has failed to provide the information concerning hours and hourly rate that is necessary to calculate a reasonable attorney's fee.

Pursuant to ERISA, the court may award a party "a reasonable attorney's fee." 29 U.S.C. 1132(g)(1). A reasonable attorney's fee is calculated using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563-64 (1986).[6] The fee applicant bears the burden of establishing entitlement to an award, and documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The plaintiff has not made any showing of a reasonable attorney's fee in this case. Thus, the plaintiff does not mention in his motion the number of hours reasonably expended on the litigation, or a reasonable hourly rate. The only basis set forth in the motion for an attorney's fee is a contingency fee agreement entitling plaintiff's counsel to seek from the plaintiff one-third of the recovery (Doc. 13, pp. 7, 9, 23). That amounts to approximately $24,000.[7]

---

[6]There is a "strong presumption that the lodestar figure ... represents a 'reasonable' fee." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, supra, 478 U.S. at 565. This amount may be adjusted by a multiplier "in certain 'rare' and 'exceptional' cases." Id.

[7]Although the total recovery in this case is unclear, it appears that approximately $73,000 in medical bills have been paid (see Doc. 17-3, p. 1), which would yield plaintiff's counsel an attorney's fee of over $24,000.

As indicated, there is nothing in the motion which supports an attorney's fee award of $24,000 under the lodestar method. Furthermore, the plaintiff provides no legal authority for his contention that he is entitled to an attorney's fee based on the contingency fee agreement.[8] The Eleventh Circuit, to the contrary, specifically prohibits consideration of a contingency fee agreement in determining a reasonable attorney's fee pursuant to ERISA. Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1315 (11th Cir. 2001).[9] Thus, in seeking an attorney's fee based on a contingency fee agreement, plaintiff's counsel is advocating a position that is contrary to controlling legal authority.

After the hearing, the plaintiff filed a notice to the court titled "Plaintiff's Notice of Supplementary Evidence Re: Oral Argument of July 27, 2009" (Doc. 40), in which he primarily continues to press his legally unsupported argument that he is entitled to an attorney's fee based upon the contingency fee agreement. Plaintiff's counsel also states, for the first time,

---

[8] He attempts to analogize an attorney's fee in an ERISA case to a fee award in a personal injury case (Doc. 13, pp. 7, 8, 10-11). In this connection, he argues that the defendant's refusal to pay him a contingency fee is mere intransigence because the defendant would expect a one-third contingency fee in a personal injury case.

[9] In Murphy, the Eleventh Circuit stated that a contingency fee agreement cannot even be a basis for enhancing the lodestar. 247 F.3d at 1315.

the hours he allegedly expended in this matter and his hourly rate. Thus, he says that "[t]he undersigned has commonly been awarded a fee of $300 per hour; the undersigned specializes in ERISA/health insurance claims and disputes. The undersigned has practiced law since 1997. Approximately 25 hours have been spent by the undersigned in litigating and handling this case" (id., ¶6).

This submission constitutes an unauthorized post-hearing reply which is prohibited by Local Rule 3.01(c) and, as such, should be stricken by the court. Regardless, it is wholly insufficient to establish a reasonable attorney's fee because it is a conclusory statement unsubstantiated by any evidence. See Hensley v. Eckerhart, supra, 461 U.S. at 433 (the fee applicant bears the burden of documenting the appropriate hours expended and hourly rates).

Thus, in order to establish the reasonableness of the proposed rate, the movant must present the court with satisfactory evidence regarding "[t]he prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996). Satisfactory evidence at a minimum is more than the affidavit of the attorney

performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. See id.

The plaintiff, as indicated, has presented no evidence to show that his requested rate is reasonable. To the contrary, counsel's work in this case demonstrates that an hourly rate of $300 is unjustified. Thus, an attorney worthy of a $300 hourly rate is familiar with the governing law and procedural rules, a circumstance which is not evident in the plaintiff's submissions. Additionally, plaintiff's counsel's impertinent attacks against the opposing party reflect a lack of professionalism, which also is appropriately considered in determining a reasonable hourly rate.

Furthermore, the plaintiff has failed to proffer evidence showing that "[a]pproximately 25 hours" is a reasonable amount of time to expend on this litigation. See Hensley v. Eckerhart, supra, 461 U.S. at 434. In determining the reasonableness of the time spent on a case, the court should exclude excessive, unnecessary and redundant hours. Duckworth v. Whisenant, supra, 97 F.3d at 1397. Work for pre-litigation administrative proceedings is also not compensable. Kahane v. UNUM Life Ins. Co. of America, 563 F.3d 1210, 1215 (11th Cir. 2009). In order for the court to fulfill its duty of examining the application for such noncompensable hours,

"fee counsel should have maintained records to show the time spent ... and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity" and the need for the service. American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

In this case, plaintiff's counsel has not provided contemporaneous time sheets or a breakdown of the hours spent on this litigation. Plaintiff's counsel has also refused defense counsel's request to review his time sheets (Doc. 13, p. 21, Ex. 6). Therefore, it cannot be determined if it is reasonable to compensate counsel for "[a]pproximately 25 hours" of work done on this case. The need for a breakdown of counsel's work on this matter is underscored by the fact that twenty-five hours appears, on its face, to be an excessive amount of time for an uncomplicated case that was resolved within days after service of the amended complaint. Moreover, the plaintiff is certainly not entitled to compensation for time spent preparing vituperative attacks on opposing counsel.

In sum, the plaintiff has failed to demonstrate that the court should exercise its discretion to award an attorney's fee. Furthermore, he has failed to provide any basis for determining a reasonable attorney's fee.

IV.

For the foregoing reasons, the plaintiff's "Motion for Summary Judgment Against Defendant Morgan & Morgan, P.A. & Request for Oral Argument Re: Attorney's Fees/Costs" (Doc. 13) is deficient. I therefore recommend that it be denied.

Respectfully submitted,

_/s/ Thomas G. Wilson_

THOMAS G. WILSON
DATED: AUGUST 10, 2009    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).