UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL BARCOMB,

    Plaintiff,

v.                                 CASE NO.:  8:08-cv-1790-T-23TGW

FISERV HEALTH, INC., et al.,

    Defendants.
_____/

## **ORDER**

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), a December 18, 2008, order (Doc. 18) refers the plaintiff's "Motion for Summary Judgment Against Morgan & Morgan, P.A., and Request for Oral Argument RE: Attorney's Fees/Costs" (Doc. 13) to the United States Magistrate Judge for a report and recommendation. Following a July 27, 2009, hearing, the Magistrate Judge issues a report and recommendation (Doc. 41). In response the plaintiff files a paper designated as an "objection."

Filed less than six hours after the Magistrate Judge's report, the plaintiff's paper cites no legal authority and comprises eight pages dedicated principally to impugning the fairness of the Magistrate Judge.[*] A careful review of the parties' papers and a careful listening to the audio tape of the hearing before Magistrate Judge Thomas G.

---

[*] For example, the plaintiff's paper states, "Nothing about the Magistrate's facial expressions or comments indicated that he was impartial. The hearing was so judicially one sided, there was no need for counsel for Morgan & Morgan to respond or rebut anything. The hearing was not judicially authentic." (Doc. 42, ¶ 2)

Wilson confirms that the Magistrate Judge's comportment remained comfortably within the elevated standard he has displayed throughout his career. The plaintiff's counsel is reminded that filing a hasty and "heated" paper is not a practice evidencing mature professionalism.

Because the plaintiff's paper contains no cognizable legal or factual objection to the Magistrate Judge's report and because a review of the record reveals no error, the plaintiff's "objections" (Doc. 42) are **OVERRULED**, the Magistrate Judge's report and recommendation (Doc. 41) is **ADOPTED**, and the plaintiff's motion (Doc. 13) is **DENIED**.

In response to a February 3, 2009, order to show cause (Doc. 29), the plaintiff states, "this case will be concluded upon the Court's ruling on the fee interest of the Plaintiff's attorney, which is the only matter pending." (Doc. 30, ¶ 5) Having resolved "the fee interest of Plaintiff's attorney," the remainder of this action appears moot. Accordingly, on or before September 11, 2009, the plaintiff shall show cause in writing why this action should not be dismissed as moot. Failure to respond to this order will result in dismissal without further notice.

ORDERED in Tampa, Florida, on August 27, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE